# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DANIEL BELLINO, | Case No. 18-CV-1013 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND |
| JESSICA GRINDE, | |
| Defendant. | |

This matter comes before the Court on Defendant Jessica Grinde's Motion to Dismiss [ECF No. 22] and Plaintiff Daniel Bellino's Motion to Amend [ECF No. 38]. On September 14, 2018, Grinde filed her Motion to Dismiss. [ECF No. 22.] In lieu of responding to the Motion to Dismiss, Bellino filed a Second Amended Complaint [ECF No. 32] on October 5, 2018. The Court ordered that the Second Amended Complaint be stricken without prejudice as having been filed in error, because it failed to comply with Federal Rule of Civil Procedure 15(a). [*See* ECF No. 33.] Bellino thereafter filed his Motion to Amend on October 26, 2018 [ECF No. 38] and filed his response to Grinde's Motion to Dismiss on November 2, 2018 [ECF No. 44]. For the reasons stated below, the Court grants the Motion to Dismiss and denies the Motion to Amend.

## BACKGROUND

On October 23, 2014, Plaintiff Daniel Bellino was arrested and charged with fifth degree drug possession in Cass County, Minnesota. [ECF No. 15 ("First Am. Compl.") at ¶18.] Bellino appeared in Cass County District Court on a First Appearance before Cass County District Judge Jana Austed on October 24, 2014. (*Id.*, ¶23.) Judge Austad set bail at $10,000 with conditions or $30,000 without conditions and ordered a drug test to be completed. (*Id.*, ¶¶ 24-25.) Bellino was unable to post bail and remained in the Crow Wing County Jail as a result. (*Id.*, ¶32.)

At the time, Bellino was on probation for a separate offense in Beltrami County. (*Id.*, ¶¶22, 33.) Defendant Jessica Grinde was Bellino's probation officer for the Beltrami County offense and placed Bellino on a hold for a suspected probation violation due to the Cass County charge. (*Id.*, ¶22.) The public record shows Beltrami County District Court, after reviewing the Violation Report and Grinde's recommendation, issued an order on October 29, 2014 that Bellino be apprehended on a probation hold. [*State v. Bellino*, No. 04-CR-13-1312, Index #4 (Beltrami County Dist. Ct.); Jonassen Aff., Exs. C-D.][1]

On December 11, 2014, Bellino alleges he was informed that his Cass County charges would be dismissed in exchange for Bellino's son pleading guilty to the fifth-

---

[1] The district court may take judicial notice of public records and may thus consider them on a motion to dismiss. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802–03 (8th Cir. 2002). Cass County Court records are a matter of public record, and accordingly, can be properly considered by the district court in ruling on a motion to dismiss. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

2

degree possession charge. (First Am. Compl., ¶31.) Bellino further alleges that as of December 11, 2014, the Cass County charge was dismissed and he should have been transferred to Beltrami County to "deal with his probation hold." (*Id*., ¶¶31–33.) Thus, according to the Complaint, Beltrami County's failure to transfer Bellino resulted in an additional 27 days of detention in Crow County, to January 8, 2015.[2] (*Id*., ¶34.)

Public records reveal the Cass County charge was dismissed not in December, but on January 7, 2015. [*State v. Bellino*, No. 11-CR-14-1923, Index #18 (Cass County Dist. Ct.); Jonassen Aff., Exs. A-B.] Bellino was released from Crow Wing County Jail the following day, on January 8, 2015. (First Am. Compl., ¶45.)[3]

Bellino sued Grinde, alleging Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983. (*Id*., ¶¶2, 63, 68.) Bellino also brought a state law claim for negligence. (*Id*., ¶73.)

---

[2] Bellino also alleges that on January 7, 2015 he received a letter dated October 24, 2014 stating that his field urine test showed a negative —or clean — result. (*Id*., ¶¶36–37.) Bellino asserts that Grinde knew of the test results on or about October 24, 2014. (*Id*., ¶41.)

[3] The Beltrami County probation hold was dismissed after the Cass County charges were dismissed. Public record shows that on January 16, 2015, the Beltrami County District Court issued an order quashing the warrant and dismissing the probation violation after "review of the Violation Report dated January 7, 2015, and in view of the agent's recommendation." [*State v. Bellino*, No. 04-CR-13-1312, Index #12; Jonassen Aff., Ex. E.]

# ANALYSIS

## I. Motion to Dismiss

The Court takes notice that Grinde's motion to dismiss is technically unopposed, because Bellino failed to timely serve or file a response.[4] Opposition papers were filed late, however, and the Court analyzes Grinde's motion to dismiss and the opposition papers on their merits.

## A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the Court must accept as true all factual allegations and view them in the light most favorable to the plaintiff. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). When "addressing a motion to dismiss, the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mulvenon v. Greenwood*, 643 F.3d 653, 656–57 (8th Cir. 2011) (quotation and citation omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a

---

[4] Bellino's response to Grinde's motion to dismiss was due on October 5, 2018. [D. Minn. L.R.7.1(c)(2).] He filed a response to Grinde's motion on November 2, 2018—28 days past due, without attempting to obtain an extension. [ECF No. 44.]

4

claim, a plaintiff must plead facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2008); *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Whether a complaint states a claim is a matter of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss must be granted when the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely conceivable. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678–79.

**B.    Bellino's claims are barred by *Heck v. Humphrey*.**

Grinde argues Bellino's 42 U.S.C. § 1983 claims are barred by the favorable termination rule established in *Heck v. Humphrey*, 512 U.S. 477 (1994) because Bellino has not established that his incarceration has been declared invalid or unlawful. In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by the actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

5

corpus." *Id.* at 486–87. A prisoner's claim for damages is not cognizable under § 1983 if it implies the invalidity of his conviction or confinement, unless the conviction or sentence has already been invalidated. *Id.* at 487.

The Eighth Circuit has interpreted *Heck* to "impose a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence," *Newmy v. Johnson*, 758 F.3d 1008, 1011–12 (8th Cir. 2014), and has explicitly declined to recognize an exception for plaintiffs who are no longer incarcerated. *Enzti v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (relying on *Heck*, 512 U.S. at 490 n.10 ("[T]he principle barring collateral attacks—a longstanding and deeply rooted feature of both the common law and our own jurisprudence—is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.")). In *Newmy v. Johnson*, a plaintiff brought a § 1983 claim against his parole officer, claiming the officer made a false report resulting in his parole revocation. 758 F.3d at 1009. At the time Newmy bought his § 1983 claim, he was no longer incarcerated based on the underlying parole revocation. *Id.* The court found his claim barred by *Heck*, extending its *Entzi* ruling that *Heck* is not limited to plaintiffs in custody. *Newmy*, 758 F.3d at 1011.

At oral argument, Bellino argued that *Heck*'s favorable termination rule does not apply to pretrial detainees. Here, however, Bellino is challenging his detention as a *probationer*, stating the detention was the probation officer's fault because she placed the probation hold on him. Bellino mischaracterizes himself as a pretrial detainee. Instead,

6

Bellino is challenging his post-trial incarceration for a probation violation, which falls within *Entzi* and *Newmy*. Because Bellino is calling into question the decision to place him on a probation hold, he is challenging the validity of his continued incarceration as a probationer, not a pre-trial detainee.[5] *Heck* bars Bellino's § 1983 claims against Grinde.[6]

C.     **Bellino fails to state a claim under the Fourth Amendment.**

Grinde also argues that Bellino fails to state a cognizable claim under the Fourth Amendment.[7] The Fourth Amendment protects "against unreasonable searches and

---

[5] The Court also finds persuasive other courts' rulings that *Heck* extends to situations involving probation revocation. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (noting the circuit has extended *Heck* to situations involving probation revocation); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (providing that § 1983 claims challenging revocation of probation are precluded under *Heck* until the revocation is invalidated); *see also Eaton v. McGee*, 113 F. App'x 9, 10 (5th Cir. 2004) (finding appellant's complaint challenged the validity of his probation revocation and because he had not shown the revocation had been set aside, his claims were *Heck*-barred); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (same); *Baskett v. Papini*, 245 F. App'x 677, 678 (9th Cir. 2007) (affirming dismissal of a § 1983 action "as *Heck*-barred because his allegations necessarily call into question the validity of the probation revocation").

[6] Although the Eighth Circuit has not directly ruled on the applicability of *Heck* to pretrial detainees, other circuits have considered the issue and have found the *Heck* bar to apply equally. *See Thomas v. Pugh*, 9 F. App'x 370, 372 (6th Cir. 2001) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 700–01 (9th Cir. 1996); *Hamilton v. Lyons*, 74 F.3d 99, 102–03 (5th Cir. 1996)); *but see Grider v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2013) (noting that whether the "*Heck* bar applies to pretrial detainees" is "a proposition drawn into question by the Supreme Court in *Wallace v. Kato*, 549 U.S. 384, 393 (2007)"). Since Bellino is not positioned as a pretrial detainee in his claim against Grinde, the Court need not decide the issue.

[7] The Court agrees that the proper analysis for Bellino's claims fall under the Fourth Amendment and not the Fourteenth Amendment. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (stating where a particular Amendment provides an explicit source of constitutional protection, that Amendment, not substantive due process, must be the guide for analyzing a claim); *Graham v. Connon*, 490 U.S. 386, 395 (1989) (providing that

7

seizures" of the person. U.S. Const. amen. IV. Fourth Amendment seizures are reasonable if they are based on probable cause. *Bailey v. U.S.*, 568 U.S. 186, 192 (2013) (quotation and citation omitted). Bellino alleges Grinde violated his right to be "free from continued incarceration as a pretrial detainee, when the state had dismissed the charges against him and there were no other probationary conditions supporting his continued incarceration." (First Am. Compl., ¶64.)

The Court agrees that Bellino fails to plead sufficiently a § 1983 claim under the Fourth Amendment. Bellino concedes he was incarcerated due to the new Cass County charge for which he could not post bail. Bellino remained incarcerated until January 8, 2015, one day after the charge was ultimately dismissed. Grinde submitted recommendations to Beltrami County District Court on January 7, 2015 that the probation violation be dismissed. (Jonassen Aff., Ex. E.)[8] Thus, it is not plausible that Grinde had any responsibility related to Bellino's incarceration. It is irrelevant whether Grinde had any knowledge of Bellino's son's plea agreement, because the public record states the

---

all claims regarding a "seizure" of a citizen should be analyzed under the Fourth Amendment, rather than under a "substantive due process" approach). As such, the Court will only analyze Bellino's claim pursuant to the Fourth Amendment.
[8] For this reason, Bellino's argument that the charge being dismissed on January 7, 2015 instead of December 11, 2014 "is a distinction without a difference" fails. [*See* ECF No. 44 at 4.] Grinde immediately recommended dismissing the probation violation once the Cass County charge was dismissed.

Cass County charge was actually dismissed on January 7, 2015. Accordingly, Bellino has not sufficiently pled facts indicating Grinde violate Bellino's Fourth Amendment rights.

**D. Grinde is immune from the claims.**

Grinde further argues that even if Bellino's claims were sufficiently pled, she is immune from liability. Government officials may be entitled to immunity from suits for damages under either absolute or qualified immunity. Officials are entitled to absolute immunity when they perform functions closely associated with the judicial process, *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985), whereas qualified immunity "shields government officials performing discretionary functions from civil liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Ray v. Pickett*, 734 F.2d 370, 371 (8th Cir. 1984) (citation committed). Courts must take a functional approach when analyzing immunity law. Therefore, immunity is extended based on the nature of responsibilities, and not on one's rank in government. *Id.* at 372. "Under this approach, certain adjudicatory or prosecutorial functions of a probation officer may be entitled to absolute immunity, while other functions, more administrative, supervisory, or investigative in nature, may warrant only a qualified immunity." *Id.* (citations omitted). For the reasons stated below, Grinde is entitled to both absolute and qualified immunity.

1. **Absolute Immunity**

In *Anton v. Getty*, the Eighth Circuit held that "probation officers are entitled to absolute immunity when they 'perform discretionary tasks that play an integral part in the decision making process,' such as when they 'evaluate facts, draw legal conclusions, and make recommendations.'" *Jensen v. Jorgenson*, 2005 WL 2412379, at *8 (D.S.D. Sept. 29, 2005) (quoting *Anton*, 78 F.3d 393, 396 (8th Cir. 1996)). In *Anton*, a parolee argued that the probation officers violated his constitutional rights when they rejected his parole plan and recommended parole be delayed. 78 F.3d at 396. The Court found probation officers were entitled to absolute immunity because the information and recommendation they provided played a significant part in the decision-making process. *Id.* The Court distinguished its holding from a prior decision in *Ray v. Pickett*, 734 F.2d 370 (8th Cir. 1984) where a probation officer was entitled to only qualified immunity because he was not performing an adjudicatory function when he filed a parole-violation report. *Id.* at 396, n. 5. Unlike the officers in *Anton*, whose recommendations bore an intimate relationship to the ultimate decision to delay parole, the "effect of filing a parole-violation report was merely to trigger an inquiry by another officer that may or may not lead to an administrative proceeding." *See id.* (quoting *Ray*, 734 F.2d at 373).

Grinde submitted violation reports and made recommendations based on her evaluation of the situation and determination that the new charge warranted a probation violation. Public records establish that the Beltrami County Court relied on Grinde's

10

reports and recommendations when it issued – and then ultimately quashed – the warrant. The facts here indicate Grinde's actions were more akin to those in *Anton*, in that her tasks were intertwined with the ultimate decision-making process, and therefore she is entitled to absolute immunity.

2.   **Qualified Immunity**

Grinde is also entitled to dismissal based on qualified immunity. Qualified immunity requires a two-part analysis. *Munz v. Michael*, 28 F.3d 795, 799 (8th Cir. 1994). First, the Court must determine whether the plaintiff has alleged the violation of a constitutional right. *Id*. Second, the Court must determine whether that right was clearly established at the time of the alleged violation. *Id.* For the law to be clearly established, "[i]t is only necessary that the unlawfulness of the official's act [be] apparent in view of pre-existing law." *Id.* (quoting *Hall v. Lombardi*, 996 F.2d 954, 958 (8th Cir. 1993)). Further, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739, (2002) (citation omitted).

Bellino has not sufficiently pled, nor can he establish, that Grinde violated a clearly established right. Although Bellino alleged Grinde violated his constitutional right against unreasonable seizure by his continued incarceration, he fails to satisfy the second prong because there was no right that was clearly established or violated. Bellino was incarcerated due to a separate Cass County charge and released once the that charge was

dismissed. There was, in fact, no "continued incarceration" in violation of Bellino's constitutional rights. Moreover, a reasonable official would understand that a "probation hold" was reasonable and not in violation of a constitutional right in light of the pending Cass County charge. On the same day that the Cass County charge was dismissed, Grinde filed a Violation Report recommending the probation violation be dismissed as well. In doing so, Grinde did not violate a clearly established right. Accordingly, Grinde is entitled to qualified immunity and Bellino's federal claims are dismissed.

**E. Grinde lacks personal involvement in Bellino's incarceration.**

Grinde also argues that she lacks sufficient personal involvement in Bellino's incarceration, and thus, Grinde has not personally violated a constitutional right and the § 1983 claims must be dismissed. To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676); *see also Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (A plaintiff must allege facts supporting any individual defendant's personal involvement or responsibility for the violations.). To establish personal involvement, a plaintiff must prove that a defendant directly participated in the constitutional violation or was deliberately indifferent in failing to correct violations. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhard*, 7 F.3d 1370, 1376 (8th Cir. 1993). It is not enough to rest on a bald allegation that a defendant knows or should have known of a constitutional violation. *Boyd*, 47 F.3d at 968 n.1.

Bellino premises his claims on Grinde's failure to release him from incarceration, but she had no personal involvement in Bellino's incarceration on the new charge, or on the decision to bring the new charge. Bellino acknowledges that he was held on new charges in Cass County and that he remained incarcerated because he could not post bail. Moreover, the public record clearly demonstrates that the Cass County charges were dismissed on January 7, 2015, not December 11, 2014. Bellino was released upon the Cass County dismissal. As a probation officer for Bellino's earlier Beltrami County offense, Grinde lacks personal involvement in Bellino's incarceration. As such, Bellino's complaint does not allege Grinde was personal involved with or responsible for the alleged constitutional violations.

## II.     Court declines to exercise supplemental jurisdiction.

Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." "The Court has broad discretion in deciding whether to continue hearing state claims following dismissal of federal claims." *Shimer v. Shingobee Island Water & Sewer Comm'n*, 2003 WL 1610788, at *8 (D. Minn. Mar. 18, 2003). In determining whether to exercise supplemental jurisdiction, courts consider judicial efficiency, convenience, and fairness to litigators. *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 221 (8th Cir. 1990). In assessing efficiency, convenience, and fairness, courts look to multiple factors, including "the stage of the litigation; the difficulty of the state claim; the amount

of time and energy necessary for the claim's resolution; and the availability of a state forum." *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F.Supp.2d 1021, 1051 (D. Minn. 2003) (quotation omitted).

"[W]hen federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims." *Stokes v. Lokken*, 644 F.2d 779, 785 (8th Cir. 1981), *overruled on other grounds by Pinter v. Dahl*, 486 U.S. 622 (1988). "If the claim giving original jurisdiction is dismissed early in the action, 'before any substantial preparation has gone into the dependent claims, dismissing or remanding the [state claims] upon declining supplemental jurisdiction seems fair enough.'" *Gregoire v. Class*, 236 F.3d 413, 419 (8th Cir. 2000) (quoting 28 U.S.C. § 1367 cmt. at 835 (1993)). Courts should "exercise judicial restraint and avoid state law issues wherever possible'" *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000) (citation omitted), and the factors considered typically point toward declining to exercise supplemental jurisdiction, *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

Here, the Court has dismissed Bellino's federal claims against Grinde, and only Bellino's state law claim of negligence remains. Considering the early stage of this litigation and the ability to adjudicate the negligence claim in state court, the Court declines to exercise supplemental jurisdiction and the state claim is dismissed without prejudice.

### III. The Court denies the motion to amend on futility grounds, as the proposed amendments to the facts do not change the result.

Bellino seeks to file a Second Amended Complaint to add the following factual allegations:

- On December 11, 2014, Bellino was informed in "open court" during a hearing in a criminal case against his son that Cass County dismissed his new charge through a plea with his son;
- Bellino's son's plea agreement was made on the record in court;
- Bellino was present when his son pleaded guilty and the Cass County District Court determined that the charges against Bellino were to be dismissed at once;
- Grinde had actual knowledge that Bellino's son's guilty plea absolved Bellino completely; and,
- Bellino needs and is taking steps to get the transcript of the December 11, 2014 hearing.

[ECF No. 38-2 at ¶¶27–29, 40–41.] Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." But "[a] district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (quotation omitted). Amendment is futile where the proposed amended claim would not withstand a motion to dismiss. *See Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008).

As an initial matter, Rule 15(a)(1) provides that:

> "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Bellino has previously amended his complaint once as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B) to eliminate Beltrami County as a defendant in this case. [*See* ECF Nos. 15, 16.] Grinde filed her motion to dismiss on September 14, 2018. [ECF No. 22.] Bellino then waited to file his proposed Second Amended Complaint until October 5, 2018— the day his opposition brief was due. [ECF No. 44; D. Minn. L.R. 7.1(c)(2).] Because Bellino already filed an Amended Complaint and failed to comply with Fed. R. Civ. P. 15, the Court ordered Bellino's Second Amended Complaint stricken without prejudice. [ECF No. 33.] Bellino then filed this motion to amend on October 26, 2018.

Ultimately, the Court concludes that the proposed Second Amended Complaint is futile and is denied. As set forth above, Bellino's federal claims are *Heck*-barred, Grinde is immune from liability under both absolute and qualified immunity and lacks personal involvement with any alleged violation of a constitutional right, and the Court declines to exercise supplemental jurisdiction over the negligence claim. The proposed amendments do not change the Court's analysis.

Further, despite the proposed Second Amended Complaint alleging that Grinde had "actual knowledge" that Bellino's son's guilty plea "absolved" Bellino, there are no facts indicating these allegations are anything more than conclusory statements. [ECF No.

38-2 at ¶¶27–29, 40.] Even so, it is undisputed that Bellino was incarcerated due to the Cass County charge and that he could not afford to post bail. [ECF 38-2 ¶26.] Despite what Bellino alleges to have occurred on December 11, 2014, public record shows the Cass County charge was not dismissed until January 7, 2015. Finally, the Court rejects Bellino's argument that his § 1983 claim under the Fourth Amendment could be regarded as one for malicious prosecution. Not only is there no mention of a malicious prosecution claim in the Second Amended Complaint, but Bellino fails to recite the elements and plead any facts for a malicious prosecution claim. *See Iqbal*, 556 U.S. at 678 (stating the mere recital of the elements of an action are insufficient to survive a motion to dismiss). As such, Bellino's Second Amended Complaint does not cure the deficiencies of his First Amended Complaint and would not survive a motion to dismiss. Accordingly, the motion to amend is denied.

## CONCLUSION

Based on the foregoing and on all of the files, records, and proceedings herein, the Motion to Dismiss is GRANTED and the Motion to Amend is DENIED. Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's amended complaint, with respect to its federal claims, is DISMISSED WITH PREJUDICE.

2. Plaintiff's negligence claim is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 30, 2019	BY THE COURT:

s/Nancy E. Brasel<br>Nancy E. Brasel<br>United States District Judge